22726. WILLIAMS v. WOFFORD, Building Inspector, et al.

Argued November 10, 1964—Decided January 7, 1965.

*Mitchell, Clarke, Pate & Anderson, Stephens Mitchell,* for plaintiff in error.

*Grant, Spears & Duckworth, Henry L. Bowden, Robert F. Lyle, Edwin L. Sterne,* contra.

MOBLEY, Justice. ■ The first issue before us is whether the building permit issued on June 20, 1963, was lawfully issued. We are of the opinion that it was. Section 7 of the amendment of June 19, 1963, provides: "That upon approval of this Article, owners of property . . . prior to the approval of this Article may develop such property in accordance with the regulations in effect prior to the approval of this Article, as such regulations relate to use, height of buildings, side yards, width, size of lots and minimum house size, but the front yard set back and off street parking requirements for the district in which such property is located shall comply with the provisions of this Ordinance; provided, however, that the provisions of this paragraph shall apply only where construction or use of such property, in compliance with a permit lawfully issued, shall have been begun within six (6) months from the effective date of this amendment."

The six month waiver provision of the above section of the amendment manifests an intent that a property owner should not be penalized from building according to the regulations in effect prior to June 19, 1963, provided first, that he owned the property prior to the approval of the ordinance; and secondly, that he began use or construction of his property within six months from its approval under a lawfully issued permit. Defendant owned his land before the adoption of the 1963 ordinance, applied for a building permit before it was adopted, had his plans approved before its adoption, was notified that he could pick up his permit before the adoption, but was delayed and picked up his permit the day after the adoption of the ordinance, at which time his permit was issued and dated. Plaintiff contends that, since the ordinance was passed on June 19, 1963, and the permit was issued on June 20, 1963, such permit was not lawfully issued. It should be noted that the 1963 ordinance did not repeal or entirely supersede the 1954 ordinance, but only amended it and expressly provided that one could build by its regulations, except as to front yard set back and off street parking regulations, for a full six months from the effective date of the June 19, 1963, amendment provided one owned his property prior to the approval of the above quoted article. Thus, the 1963 ordinance clearly specifies that the 1954 ordinance was still effective for six months after the adoption of the 1963 ordinance, and if it were still effective for this period, a permit issued during this six months waiver period based on plans and application, submitted under the 1954 ordinance and before the adoption of the 1963 ordinance, would be legally issued so long as the applicant owned his property before the adoption of the 1963 ordinance. There was no requirement that a permit had to be obtained before the adoption of the 1963 ordinance, but only that an applicant had to own the property prior to its adoption. Since defendant owned the property before the adoption of the 1963 ordinance and submitted his plans and application before its adoption, he was in that category of persons to whom a permit could legally be issued under the 1954 ordinance, subject to the 1963 ordinance requirements as to front yard set back and off street parking regulations.

Therefore, we conclude that the permit was lawfully issued.

■ Did defendant forfeit its right to proceed under the 1954 ordinance by failing to begin construction and use of its property within six months after the adoption of the 1963 ordinance? The answer to this question must be negative.

Defendant began construction and use of the property under its building permit when on or about December 4, 1963, it started work by demolishing and removing a two story dwelling located on the property, by grading of the property, and by excavating for the footings of the building. Some of these footings were poured early in December and were inspected and approved by the building inspector on December 12, and December 17, 1963. All the aforementioned acts took place within a six month period from the adoption of the June 19, 1963, ordinance. Plaintiff, however, claims that this work was not beginning construction within the six month period because the footings were covered up in April and new ones poured. The facts underlying this act indicate that defendant began use and construction in good faith within the six month period and covered up its original footings poured during this period and poured new ones only because a restriction on the property requiring all buildings to be set back at least 125 feet from the street was called to defendant's attention, and it changed the footings only to meet this restriction of which it had no former knowledge. We, therefore, conclude that defendant in good faith began construction and use of its property within the required six month period.

Accordingly, since defendant was lawfully issued a building permit and began construction within the required six months, the judgment of the trial court is affirmed.

*Judgment affirmed. All the Justices concur.*